UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:14-CR-798 |
| | § | CIVIL No. 2:17-42 |
| JOHN ERIC GARCIA | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant John Eric Garcia filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and memorandum of law in support. D.E. 37, 41. Now pending before the Court is the United States' motion for summary judgment (D.E. 55), to which Movant responded (D.E. 56). For the reasons set forth below, the Government's motion for summary judgment is denied, and Movant's § 2255 motion is granted.

**I. Background**

On November 12, 2014, Movant was indicted for being a felon in possession of six firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One) and with knowingly possessing a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count Two). After the Court denied his motion to suppress the evidence of firearms and ammunition, Movant entered a plea of guilty to Count One.

The Presentence Investigation Report (PSR) made two separate sentencing guideline calculations regarding Movant's criminal history and conduct. In the first scenario, his base offense level was 26 pursuant to U.S.S.G. § 2K2.1(a)(2) because he committed the instant offense subsequent to sustaining at least two felony convictions for

1 / 9

a crime of violence: (1) third degree felony Escape, in the 94th District Court, Nueces County, Texas, Cause No. 05-CR-1368-C; (2) second degree felony Aggravated Assault, in the 94th District Court, Nueces County, Texas, Cause No. 05-CR-2954-C; and (3) second degree felony Aggravated Assault, in the 94th District Court, Nueces County, Texas, Cause No. 07-CR-3408-C. Four levels were added because the offense involved eight firearms; two levels were added because two of the firearms were stolen; and four levels were added because Movant possessed the firearms in connection with another felony offense. After a three-level adjustment for acceptance of responsibility, Movant's total offense level was 33.

In the second scenario, Movant was subject to the Armed Career Criminal Act (ACCA). The PSR relied upon the same three prior felony convictions used in the previous guideline calculation, which triggered an enhancement under U.S.S.G. § 4B1.4 and yielded an offense level of 34. After a 3-level adjustment for acceptance of responsibility, Movant's total offense level became 31; however, because the offense level of 33 under U.S.S.G. § 2K2.1(a)(1) was higher, it was used.

In addition to the three felonies listed above, Movant's criminal history listed a number of other prior convictions, including a conviction for felony Deadly Conduct, in the 94th District Court, Nueces County, Texas, Cause No. 15-CR-2556-C. His criminal history points totaled 18, yielding a criminal history category of VI and an advisory guideline range of 235–293 months. The statutory maximum sentence under 18 U.S.C. § 924(a)(2) is 10 years; however, because Movant qualified as an armed career criminal, he faced a mandatory minimum term of 15 years under the ACCA. At sentencing, the Court

adopted the PSR as written, then granted a downward variance and sentenced Movant to 200 months' imprisonment, to be followed by 5 years' supervised release.

Judgment was entered June 15, 2015. Shortly thereafter, Movant appealed the Court's denial of his motion to suppress. On November 13, 2015, the Fifth Circuit dismissed the appeal. Movant's conviction became final on February 13, 2016. He filed the present motion under 28 U.S.C. § 2255 on July 14, 2016. It is timely.

## II. Movant's Allegations

Movant claims his 200-month sentence for violating 18 USC § 922(g) is unconstitutional following *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## III. Legal Standard

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "Moreover, a defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural

default, and 'actual prejudice' resulting from the error.'" *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc)).

### B. *Johnson* and *Mathis*

Under the Armed Career Criminal Act, a person who possesses a gun in violation of 18 U.S.C. § 922(g) after sustaining three prior convictions for a "serious drug offense" or "violent felony" faces a minimum prison term of 15 years and a maximum of life. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" to mean any felony that: (i) "has as an element the use, attempted use, or threatened use of physical force against the person of another;" (ii) "is burglary, arson, or extortion, [or] involves use of explosives," or "*otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(b) (emphasis added). The preceding italicized text—also known as the "residual clause"—was declared unconstitutionally vague by the Supreme Court in *Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015). However, a prior conviction may still constitute a violent felony if it "has as an element the use, attempted use, or threatened use of physical force against the person of another" under § 924(e)(2)(b)(i) or is enumerated under § 924(e)(2)(b)(ii).

When a court classifies a prior offense for enhancement purposes, it employs a "categorical approach" and looks to the statutory definition of the prior offense rather than the defendant's underlying conduct. *Shepard v. United States*, 544 U.S. 13, 19 (2005); *Taylor v. United States*, 495 U.S. 575, 600 (1990). If a statute is divisible, the court may use the "modified categorical approach," which "permit[s] courts to examine

'a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of.'" *United States v. Tanksley*, 848 F.3d 347, 350 (5th Cir. 2017) (alteration omitted) (quoting *Mathis v. United States*, 136 S.Ct. 2243, 2249 (5th Cir. 2016)). A statute is "divisible" if it "lists elements in the alternative, and thereby defines multiple crimes." *Id.* at 351 (quoting *Mathis*, 136 S.Ct. at 2249). "Some criminal statutes appear divisible but are not. These statutes, rather than providing alternative elements, instead list 'various factual means of committing a single element.'" *Id.* at 350 (quoting *Mathis*, 136 S.Ct. at 2249). "In *Mathis*, the Supreme Court held that the modified categorical approach is not appropriate for this species of criminal statute." *Id.* at 351.

**IV. Analysis**

The Government concedes that Movant's 2005 conviction for Escape does not constitute a violent felony; however, according to the Government, Movant's prior convictions for Aggravated Assault and Deadly Conduct are violent felonies under the ACCA because each has "as an element the use, attempted use, or threatened use of physical force against the person of another." *See* 18 U.S.C. § 924(e)(2)(B)(i).

**A. Aggravated Assault**

In 2005, Movant pled guilty to felony Aggravated Assault in violation of Texas Penal Code § 22.02 in Nueces County, Texas, Cause No. 05-CR-2954-C. Judgment, D.E. 24, pp. 16–17. The Indictment states that on July 31, 2005, Movant did "intentionally, knowingly or recklessly cause serious bodily injury to TONY JAMESON by STRIKING TONY JAMESON." Indictment, *Id.*, p. 15. In 2007, Movant was again convicted of

felony Aggravated Assault under Texas Penal Code § 22.02, in Nueces County, Texas, Cause No. 07-CR-3408-C. Judgment of Conviction, *Id.*, pp. 12–13. The Indictment states that on September 22, 2007, Movant did "knowingly threaten Agapito Monreal with imminent bodily injury and did then and there use or exhibit a deadly weapon, to-wit: KNIFE, during the commission of said assault." Indictment, *Id.*, p. 10.

In Texas, a person commits Assault if the person:

> (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;
>
> (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
>
> (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

TEX. PENAL CODE § 22.01. A person commits Aggravated Assault if the person commits Assault as defined in § 22.01 and the person:

> (1) causes serious bodily injury to another, including the person's spouse; or
>
> (2) uses or exhibits a deadly weapon during the commission of the assault.

TEX. PENAL CODE § 22.02(a)).

In sum, "The elements of aggravated assault are: (1) a person intentionally, knowingly, or recklessly causes serious bodily injury to another or (2) uses a deadly weapon when intentionally, knowingly, or recklessly causing bodily injury to another." *United States v. Gonzales*, 2017 WL 978700, at *5 (S.D. Tex. Mar. 13, 2017). Texas Aggravated Assault includes the use of or threatened use of force, such that it qualifies as

a violent felony. *See Id.* (citing *United States v. Shepherd*, 848 F.3d 425, 427 (5th Cir. 2017); *United States v. Guzman*, 797 F.3d 346, 347 (5th Cir. 2015)). Thus, both of Movant's prior convictions for Aggravated Assault under Texas Penal Code § 22.02 are violent felonies under the ACCA.

**B. Deadly Conduct**

In 2007, Movant was convicted of third degree felony "Deadly Conduct" in violation of Texas Penal Code § 22.05(b), in the 94th District Court, Nueces County, Texas, Cause No. 15-CR-2556-C. Judgment of Conviction, D.E. 55-1.[1] Movant was initially charged with Aggravated Assault, but he was allowed to plead guilty to the lesser included offense of Deadly Conduct. *Id.*

The Texas Deadly Conduct statute provides:

> (a) A person commits an offense if he recklessly engages in conduct that places another in imminent danger of serious bodily injury.
>
> (b) A person commits an offense if he knowingly discharges a firearm at or in the direction of:
>
>> (1) one or more individuals; or
>>
>> (2) a habitation, building, or vehicle and is reckless as to whether the habitation, building, or vehicle is occupied.

TEX. PENAL CODE § 22.05.

---

[1]. Movant's Judgment does not specify under which subsection of Texas Penal Code § 22.05 he was convicted; however, because his conviction was a third degree felony, it must have been under § 22.05(b). *See* TEX. PENAL CODE § 22.05(e) ("An offense under Subsection (a) is a Class A misdemeanor. An offense under Subsection (b) is a felony of the third degree."). The Government attached a "Register of Actions" indicating Movant was convicted under § 22.05(b)(1) for deadly conduct involving the discharge of a firearm at an individual. D.E. 55-2. This document is not among the "limited class of documents" the Court may consider "to determine what crime, with what elements, a defendant was convicted of." *See Tanksley*, 848 F.3d at 350. Moreover, because § 22.05 is not divisible, the modified categorical approach is not appropriate here. *See id.*

Sentencing Guideline § 2L1.2(b) defines "crime of violence" using language identical to the ACCA's definition of "violent felony," and courts in the Fifth Circuit generally treat cases involving § 2L1.2(b) and 18 U.S.C. § 924(e) "interchangeably."[2] *United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011) (per curiam). In *Hernandez-Rodriguez*, the Fifth Circuit concluded that "[t]he offense of deadly conduct, as defined in TEX. PENAL CODE ANN. § 22.05(b)(1), [] constitutes a crime of violence for purposes of sentence enhancement under § 2L1.2(b)." *United States v. Hernandez-Rodriguez*, 467 F.3d 492, 495 (5th Cir. 2006). However, in *Perlaza-Ortiz*—which was issued after the Government moved for summary judgment in this case—the Fifth Circuit "revisit[ed] the question of whether Section 22.05(b) is divisible, because *Mathis* supplants any of our precedents inconsistent with its methodology for identifying 'truly divisible statutes.'" *United States v. Perlaza-Ortiz*, — F.3d —, 2017 WL 3614193, at *2 (5th Cir. Aug. 23, 2017). After analyzing Texas case law, indictments underlying Texas deadly conduct cases, and the statute's legislative history, the *Perlaza-Ortiz* Court ultimately held: "The interpretive tools provided in *Mathis* lead us to the conclusion that Section 22.05(b) is not divisible. Because the government fails to prove Section 22.05(b) divisible, Section

---

[2]. U.S.S.G. § 2L1.2 calls for a 16-level increase if the defendant was previously deported after a felony "crime of violence" and the conviction receives criminal history points under Chapter Four of the Guidelines. U.S.S.G. § 2L1.2(b)(1)(A)(iii); *United States v. Hernandez–Montes*, 831 F.3d 284, 288 & n.7 (5th Cir. 2016). The commentary to § 2L1.2 defines a "crime of violence" as:

> any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses . . . statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law *that has as an element the use, attempted use, or threatened use of physical force against the person of another*.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (emphasis added).

22.05(b) may not be used here as the basis for a crime-of-violence enhancement." *Id.* at *2, abrogating *Hernandez-Rodriguez*, 467 F.3d 492. Because U.S.S.G. § 2L1.2(b) and 18 U.S.C. § 924(e) are treated interchangeably, Movant's conviction for Deadly Conduct under Texas Penal Code § 22.05(b) is a not a violent felony under the ACCA and may not be used to enhance his sentence.

The Government has failed to show that Movant has three prior violent felony convictions that do not rely on the ACCA's residual clause. Because Movant's 200-month sentence exceeded the 10-year maximum under 18 U.S.C. § 924(a)(2), it is unconstitutional and must be vacated.

**V. Conclusion**

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. The Government's motion for summary judgment (D.E. 55) is **DENIED.**

2. Movant's § 2255 motion (D.E. 37) is **GRANTED**, and his sentence is **VACATED**.

3. Movant shall remain in custody until resentencing.

4. Movant is entitled to counsel at resentencing. If Movant seeks court-appointed counsel, he shall submit a completed application to proceed *in forma pauperis*, along with a certified copy of his inmate trust account records. The clerk is instructed to send Movant the proper forms.

5. A separate Sentencing Order will be entered forthwith.

ORDERED this 25th day of September, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE